IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES HARDING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-471-GMS |
| | ) | |
| DONNA OLYPHANT, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, et al. | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM

## I. INTRODUCTION

Presently before the court is a document filed by petitioner Charles Harding titled "Writ of Habeas Corpus." (D. I. 1) As the court concludes that petitioner has fai ed to exhaust state remedies, the court will summarily dismiss the petition without prejudice.

## II. BACKGROUND

### A. State Criminal Proceedings[1]

Harding was arrested on February 1996 on seven counts of first degree unlawful sexual intercourse (Del. Code Ann. tit. 11, § 775); seven counts of second degree unlawful sexual contact (Del. Code Ann. tit. 11, § 768); and one count of continuous sexual abuse of a child (Del. Code Ann. tit. 11, 778). *See State v. Harding*, 1999 WL 169339, at *1 (De . Super. Ct. Mar. 16, 1999). He was subsequently charged by information with five counts of fir st degree unlawful sexual intercourse, five counts of second degree unlawful sexual contact, ar d one count of

---

[1]Harding did not provide this information. The court has summariz :d Harding's criminal history from Delaware state court decisions.

continuous sexual abuse of a child. *Id.*

On July 24, 1996, Harding pled guilty to two lesser included offenses of third degree unlawful sexual intercourse and one count of second degree unlawful sexual contact, and that he entered a *nolo contendre* plea to continual sexual abuse of a child. *Id.* After holding that the plea agreement was knowing, intelligent, and voluntary, the Superior Court sentenced Harding on February 7, 1997 to ten years of incarceration, suspended after five years for varying levels of probation. *Id.*

Harding did not appeal his conviction. Rather, he filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *Id.* The Superior Court denied the Rule 61 motion, and although Harding filed an appeal from that decision, the Delaware Supreme Court dismissed the appeal due to Harding's failure to prosecute the appeal diligently. *Harding v. State*, 763 A.2d 91 (Table), 2000 WL 161652 (Del. Oct. 20, 2000).

**B. Habeas Filings**

On May 26, 2011, Harding filed a document titled "Writ of Habeas Corpus" ("petition") which appears to challenge the legality of his incarceration stemming from his driving with a suspended license and/or stemming from his failure to re-register as a sex offender. (D.I. 1) The bulk of the petition complains about petitioner's obligation to register as a sex-offender, and constitutes his third habeas challenge to the Delaware's sex-offender registration requirements; in March 2011, the Honorable Eduardo C. Robreno dismissed Harding's prior two challenges without prejudice for failure to exhaust state remedies. *See Harding v. Johnson*, Civ. Act. No. 10-585-ER, Mem. Order (D. Del. March 17, 2011); *Harding v. Johnson*, Civ. Act. No. 10-589-ER, Mem. Order (D. Del. March 17, 2011). The instant petition also alleges that several

Delaware State Police Officers committed treason and that Department of Correction officers violated his civil rights and continue to do so; the Delaware courts lacked jurisdiction over his three cases (two cases were for failure to register/verify address and one case was for driving with a suspended license); and three Superior Court judges committed treason in handling his three cases in the Delaware state courts. Harding seeks the following relief: release from unlawful detention; an investigation into how the three Delaware state court judges can operate outside the lawful jurisdiction of the Constitution of 1789; and protection from the people who have committed felonies against him. (D.I. 1 at 3-5)

## III. STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(b)(1)(A) A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

## IV. DISCUSSION

Once again, Harding has not demonstrated that he has exhausted any cognizable

constitutional claims in the Delaware State Courts as required by 28 U.S.C § 2254(b)(1).[2] This conclusion is supported by the fact that Harding explicitly asserts that he is challenging the Kent County Court's jurisdiction on "every **active** case" involving him. (D.I. 1 at 2) Accordingly, the court will summarily dismiss the petition without prejudice due to Harding's failure to exhaust state remedies.[3]

## IV. CONCLUSION

For the aforementioned reasons, the court will dismiss without prejudice Harding's § 2254 petition. The court will also decline to issue a certificate of appealability because Harding has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dec 7, 2011
DATE

CHIEF, UNITED STATES DISTRICT JUDGE

---

[2]To the extent Harding asserts a violation of his civil rights have been violated, he has improperly asserted them in a habeas proceeding and must pursue relief via 18 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).

[3]Additionally, given Harding's unclear assertions, the court cannot definitively ascertain whether Harding has satisfied the "in custody" requirements of § 2254. For instance, if Harding's incarceration was the result of his driving with a suspended license, there is no indication that the incarceration was the result of a sentence imposed for that violation. Alternatively, if Harding's incarceration at the time of filing the instant petition was the result of his failure to comply with Delaware's sex offender registration requirements, every court that has considered the issue has held that a petitioner challenging a state's sex offender registration requirement who has completed his sentence does not satisfy the "in custody" requirement of 28 U.S.C. § 2254. See Williams v. Dist. Att'y Allegheny County, 2010 WL 4338073, at **7-8 (W.D. Pa. Oct. 29, 2010)(collecting cases). However, the court need not decide the "in custody" issue at this juncture; as explained in the text of the Memorandum, Harding's failure to exhaust state remedies provides a sufficient basis to summarily dismiss the petition in its entirety.